Warne v. Oberly.

ADAM G. WARNE, PROSECUTOR, v. JOHN T. OBERLY.

The damages which may be appraised and certified under section 2 of the "Act concerning trespasses by swine" (*Rev., p.* 20), are only such as have been occasioned by the swine at the time of the trespass for which they were distrained and impounded, and such as are visible to the appraisers and can be determined without the intervention of proof by witnesses, &c.

*On certiorari.*

Argued upon the record and affidavits taken under a rule, before Justices DEPUE, VAN SYCKEL and MAGIE, at June Term, 1887.

For the prosecutor, *Martin Wyckoff.*

For the defendant, *L. De Witt Taylor.*

The opinion of the court was delivered by

MAGIE, J. The *certiorari* allowed to prosecutor has brought before this court a certificate and appraisement of damages, made by two freeholders of Warren county, chosen by John T. Oberly, the defendant, to appraise damages done to him by swine owned by the prosecutor.

Prosecutor has assigned many reasons against the validity of this certificate. Two of them having, on consideration, been deemed to be fatal to its validity, the remainder have not been considered.

The proceeding purports to have been conducted under the provisions of section 2 of the act concerning trespasses by swine, of March 15th, 1798. *Rev., p.* 20.

That section provides that if any person shall find swine trespassing on lands for which he pays taxes, he may put them in a yard or enclosure, and give notice to the owner, if easily to be found, " who shall pay double damages to the person injured, to be appraised, and certified in writing, by two reputable freeholders."

These provisions seem designed to regulate and make more effectual the common law rights of distress *damage feasant* when the trespass is done by swine.

But a distraint *damage feasant* could only be justified for the injury done during the trespass, when the distraint was made. Previous trespasses, though by the same animals, could not be taken into account, nor could the animals be held therefor. *Bradby on Distresses* *140.

The act in question does not at all extend the common law right in this respect, and is plainly to be construed as justifying the distraint only for the damages occasioned at the time when the seizure was effected.

The case shows that these swine had previously trespassed upon Oberly's land, and had not been distrained, but had returned to their owner. The appraisers included the damages resulting from these previous trespasses in the certificate before us, with the damages resulting from the trespass on the occasion of their being impounded. In so doing they proceeded on erroneous principles, and their certificate cannot be sustained.

The particular injury which Oberly claimed had been done him by the swine, resulted from their devouring the apples which had dropped from the trees of his orchard, in which they had trespassed.

The appraisers provided for by this act are not authorized to summon, swear or examine witnesses. It is perfectly obvious that the intent was to limit their adjudication of damages to those which were visible and could be seen and determined by them without the intervention of proof.

But it is clear that in the case before us the appraisers did not limit their adjudication to the injuries which were visible, but took the statements of Oberly, the person who claimed to have been injured (and that without oath), and thereon adjudged damages for injuries not visible to them, and which they could only ascertain to have resulted by relying on those statements. They erred in thus proceeding.

For these reasons the certificate and appraisement must be vacated and set aside, with costs.